UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA; SAN FRANCISCO BAY GUARDIAN, | ) ) ) | No. 12-CV-4008-MEJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | JOINT CASE MANAGEMENT STATEMENT |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## 1. **Jurisdiction & Service**

There are no issues concerning personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

## 2. **Facts**

By letter dated April 13, 2012, plaintiffs American Civil Liberties Union of Northern California ("ACLU-NC") and the San Francisco Bay Guardian ("Bay Guardian") (collectively, "plaintiffs") submitted a four-part FOIA request to the United States Attorney for the Northern District of California ("defendant") regarding the government's efforts to seek or obtain location information from electronic devices. By letter dated April 23, 2012, the Executive Office of United States Attorneys ("EOUSA") acknowledged receipt of the FOIA request, and assigned it a case number. That letter also granted plaintiffs' request for expedited processing. By letter

JCMS
Case No. 12-CV-4008-MEJ

dated July 6, 2012, plaintiffs wrote to EOUSA inquiring as to the status of the processing of their FOIA request.  Plaintiffs filed their lawsuit on July 31, 2012.

The parties have engaged in discussions in an attempt to narrow the scope of their dispute, and have been working in good faith to resolve some of the claims and issues in this action.  *See* Paragraph 17, *infra*.

**3.  Legal Issues**

Whether defendant has met its obligations to plaintiffs under the FOIA.

**4.  Motions**

There are no prior or pending motions.  The parties anticipate that this matter can be resolved on summary judgment.  The parties submit, however, that scheduling any such motion is premature at this time.  The parties are currently working in good faith to resolve some of the claims and issues in this action.  *See* Paragraph 17, *infra*.

**5.  Amendment of Pleadings**

No party anticipates amending its pleadings.

**6.  Evidence Preservation**

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7.  Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.  Discovery**

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary in this case.  Defendant notes that discovery is generally not appropriate in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery").  Plaintiffs note that courts have

found discovery appropriate in some cases, pertaining to issues such as adequacy of search, *see Weisberg v. United States Dept. Of Justice,* 627, F.2d 365, 371 (D.C. Cir. 1980), and as a consequence, plaintiffs believe it would be premature to foreclose the possibility of discovery.

**9.  Class Actions**

This case is not a class action.

**10.  Related Cases**

Undersigned counsel are unaware of any related cases before another judge of this Court. Plaintiffs note, however, that the American Civil Liberties Union, the national affiliate of plaintiff ACLU of Northern California, is the plaintiff in a FOIA matter against defendant Department of Justice ("DOJ"), involving location tracking records of 11 components of the DOJ, including, but not limited to, the U.S. Attorney's Office for the Northern District of California.  That case is pending in the District Court for the District of Columbia, on remand from the D.C. Circuit.  *See ACLU v. Dep't of Justice*, 655 F.3d 1 (D.C. Cir. 2011); *ACLU v. DOJ*, D.D.C. Case No. 1:08-cv-01157-ABJ.

**11.  Relief**

Plaintiffs seek an order directing defendant to engage in a search reasonably calculated to discover all responsive documents, and to produce any non-exempt, reasonably segregable information.  Defendant denies that plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**12.  Settlement and ADR**

This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5.  The parties have engaged in extensive discussions in an attempt to narrow the scope of their dispute, and respectfully submit that ADR is not likely to increase the likelihood of resolving this matter.  The parties believe that this case is not well-suited to ADR resolution, and therefore filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2).  An ADR Phone Conference was held on October 19.  The parties request that the Court exempt this case from

JCMS
Case No. 12-CV-4008-MEJ

1   ADR.

2   **13. <u>Consent to Magistrate Judge For All Purposes</u>**

3        The parties have consented to assignment of this case to this Court for all purposes.

4   **14. <u>Other References</u>**

5        The parties agree that this case is not suitable for reference to binding arbitration or a

6   special master, or reference to the Judicial Panel on Multidistrict Litigation.

7   **15. <u>Narrowing of Issues</u>**

8        The parties have met and conferred in an attempt to narrow issues.  *See* Paragraph 17,

9   *infra*.

10   **16. <u>Expedited Trial Procedure</u>**

11        The parties believe that this case can be resolved on summary judgment.  The expedited

12   trial procedure is therefore inapplicable.

13   **17. <u>Scheduling</u>**

14        The parties anticipate that this matter can ultimately be resolved on summary judgment.

15   The parties submit, however, that scheduling any such motion is premature at this time.  The

16   parties are currently working in good faith to resolve some of the claims and issues in this action.

17        In particular, plaintiffs submitted a four-part FOIA request seeking records of the U.S.

18   Attorney's Office for the Northern District of California pertaining to efforts to seek or obtain

19   location information.[1]  The parties have engaged in extensive negotiations regarding the scope of

20   defendant's obligations to conduct a search regarding three of those four parts.[2]  If their

21

---

22   [1] The FOIA request defines "location information" as any information that helps to ascertain the
23   location of an individual or particular electronic device that, in whole or in part, is generated or
      derived from the operation of an electronic device, including but not limited to a cell phone,
24   smartphone, cell site, global positioning system, cell-site simulator, digital analyzer, stingray,
      triggerfish, amberjack, kingfish loggerhead, or other electronic device, including both historical
25   and real-time information.

26   [2]  As currently framed, those three parts of plaintiffs' FOIA request seek the following:
27      • Any template applications or orders that have been utilized by United States Attorneys in
         the Northern District to seek or acquire location information since January 1, 2008.

28

JCMS
Case No. 12-CV-4008-MEJ

negotiations are successful, the parties anticipate being able to execute a stipulation setting forth defendant's search obligations regarding those three parts of plaintiffs' FOIA request.

The fourth part of plaintiffs' FOIA request seeks "[a]ll requests, subpoenas, and applications for court orders or warrants seeking location information since January 1, 2008." Defendant does not maintain its files in a manner that would allow it reasonably to identify the documents which plaintiffs have requested. To search for the requested documents, defendant would need to search for and review the more than 12,000 files opened in the Northern District of California's criminal division since January 1, 2008. Defendant believes that conducting such a search would impose an unreasonable burden.

- Plaintiffs believe that, as currently framed, this request is not unreasonable or burdensome. As noted above in Paragraph 10, the national affiliate of plaintiff American Civil Liberties Union of Northern California, has submitted and defendant has responded to a FOIA request that similarly seeks records relating to government efforts to obtain mobile location data, but from 11 components of DOJ and not, as in the request at issue in this litigation, from only one DOJ component. The government in response to that similar but broader FOIA, has provided responsive records. Plaintiffs are willing to work with defendant and accommodate its concerns about burden, but defendant has not yet proposed an alternate framing of this request.

- In response, defendant believes that a resolution of a burdensome request in another case does not bind the parties in this case. The DOJ agreed to a unique search protocol, pursuant to which the DOJ polled Assistant United States Attorneys and created a new record reflecting the results of that poll, to respond to the relevant

---

- Any documents since January 1, 2008, related to the use or policies of utilizing any location tracking technology, including but not limited to cell-site simulators or digital analyzers such as devices known as Stingray, Triggerfish, AmberJack, KingFish or Loggerhead.
- Any records related to the Supreme Court's holding in *United States v. Jones*, excluding pleadings or court opinions filed in the matter in the Supreme Court or courts below.

Page 5 of 8

JCMS
Case No. 12-CV-4008-MEJ

portion of that FOIA request, with the expectation that following that protocol would resolve outstanding issues in the case. DOJ's agreement to follow that protocol does not suggest that such protocol would qualify as a valid, reasonable search for agency records under FOIA; and such protocol was not intended to, and it does not, have any precedential value for future FOIA requests. *See American Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 4 n.3 (D.C. Cir. 2011) (noting that, while FOIA "does not 'impose[ ] [any] duty on the agency to create records," DOJ "did not resist compiling or disclosing" the list created as a result of its poll). Moreover, DOJ did not anticipate the substantial burdens that would be associated with that protocol. DOJ also notes that the lawsuit involving that FOIA request has now been in litigation for more than four years.

- Plaintiffs do not contend that DOJ's response in the matter pending in the District for the District of Columbia is "binding," merely that it illustrates the feasibility of developing a protocol for responding. Plaintiffs in this action stated at the outset of the meet and confer process their amenability to following the protocol adopted in the District of Columbia proceeding. Defendant declined to do so, but did not explain why until now, so plaintiffs were not able to propose an alternate approach that would address defendant's concerns. Plaintiffs are open to addressing defendant's concerns and hope that they will continue to share them with plaintiffs.

To date, the parties have, however, engaged in a productive meet and confer process and request additional time to allow that process to continue. At this juncture, however, the parties are unable to propose a schedule for summary judgment, as defendant has not yet substantively responded to plaintiffs' FOIA request. The parties therefore request that the Court schedule another case management conference for January 10, 2013, at which time the parties anticipate that defendant will be able to determine whether it can conduct a search for records responsive to the fourth part of plaintiffs' FOIA request and, if so, provide estimated dates by which it will be able to respond to that aspect of plaintiffs' request. By that time, the parties anticipate being in a

better position to propose a summary judgment schedule.

**18. <u>Trial</u>**

The parties anticipate that this entire case will be resolved on summary judgment.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

Defendant has not filed a certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.  As set forth in plaintiffs' Civil L.R. 3-16 statement filed on October 24, 2012, the undersigned counsel for plaintiffs certifies that other than the named parties, there is no such interest to report.

**20. <u>Other</u>**

None.

JCMS
Case No. 12-CV-4008-MEJ

1   DATED:  October 25, 2012                    Respectfully submitted,

2                                               /s/ Linda Lye
                                                American Civil Liberties Union
3                                                 Foundation of Northern California
                                                39 Drumm Street
4                                               San Francisco, CA  94111
                                                Telephone:  (415) 621-2493
5                                               Facsimile:  (415) 255-8437
                                                E-mail:  llye@aclunc.org
6
                                                *Attorney for Plaintiffs*
7

8                                               STUART F. DELERY
                                                Acting Assistant Attorney General,
9                                               Civil Division

10                                              ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
                                                Deputy Branch Director
11
                                                /s/ Brad P. Rosenberg
12                                              BRAD P. ROSENBERG (D.C. Bar No. 467513)
                                                Trial Attorney
13                                              U.S. Department of Justice,
                                                Civil Division, Federal Programs Branch
14                                              P.O. Box 883
                                                Washington, D.C.  20044
15                                              Telephone:  (202) 514-3374
                                                Facsimile:  (202) 616-8460
16                                              E-mail:  brad.rosenberg@usdoj.gov

17                                              *Attorneys for Defendant*

18

19

20

21

22

23

24

25

26

27

28

JCMS
Case No. 12-CV-4008-MEJ